UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELIZABETH SIMON | CIVIL ACTION 1:17-CV-00237 |
| VERSUS | JUDGE DRELL |
| REBEKAH GEE, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by pro se Plaintiff Elizabeth Simon ("Simon"). The named defendants are Karen Medlock ("Medlock") (District V Forensic Coordinator), Michelle Duncan ("Duncan") (Director of Community Forensic Service and Medlock's supervisor), and Rebekah Gee ("Gee"), Secretary of the Louisiana Department of Health and Hospitals. Simon contends she was maliciously prosecuted and falsely arrested by Defendants. Simon seeks punitive and compensatory damages in excess of $75,000. Simon is not presently incarcerated.

Simon contends she is an insanity acquittee, found not guilty by reason of insanity on September 29, 2003. Simon was given a "Conditional Release and Probation Supervision" form to sign. Simon alleges she signed it without the assistance of counsel and when she was not on medication (Doc. 1). Simon was supervised by Kenneth Cooley initially, then Mike Cole, then by Karen Medlock beginning in 2011.

Simon contends she and Medlock never got along and admits she told Medlock she should be fired. As a result, Medlock recommended to the Court that, since Simon was in psychosis, she needed to be placed in jail (Doc. 1). Simon contends that Medlock can only authorize her hospitalization and that the recommendation of jail constitutes malicious prosecution. Simon contends Medlock then demanded an immediate meeting with her while Medlock was at work, and had Simon arrested to failing to go to the meeting (Doc. 1).

Defendants answered the complaint (Docs. 12, 13). Defendants filed two motions to dismiss (Docs. 23, 34) and Simon filed a Motion for a Judgment on the Pleadings (Doc. 48).

I. <u>Defendants' first Motion to Dismiss is denied.</u>

Simon filed a Motion to Amend her complaint to add the State of Louisiana as a Defendant (Doc. 18). The State of Louisiana filed a Motion to Dismiss [the Amended Complaint] for Lack of Jurisdiction (Doc. 23) before the Court ruled on Simon's Motion to Amend.

Simon's Motion to Amend to add the State of Louisiana as a defendant was denied as barred by the Eleventh Amendment. Therefore, the State of Louisiana's Motion to Dismiss the claims against it **(Doc. 23)** should be denied as moot.

II. <u>Defendants' second Motion to Dismiss is denied.</u>

Simon filed a second Motion to Amend her complaint, seeking a discharge from monitoring by the State of Louisiana (Doc. 32). Defendants filed a Motion to Dismiss the Amended Complaint (before the Court ruled on the Motion to Amend) citing

Plaintiff's failure to obtain the consent of opposing counsel and leave of Court (Doc. 34).

Simon's second Motion to Amend (Doc. 32) was denied. Therefore, Defendants' Motion to Dismiss the Amended Complaint (Doc. 34) should be denied as moot.

### III. Plaintiff's Motion for Judgment on the Pleadings is denied.

Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. rule 12(c) (Doc. 48). Rule 12(c) provides: "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." A court must "look only at the pleadings and accept them as true." See St. Paul Ins. of Bellaire v. AFIA Worldwide Ins., 937 F.2d 274, 279 (5th Cir.1991); see also Causey v. Par. of Tangipahoa, 167 F. Supp.2d 898, 910 (E.D. La.2001). Where no matters outside the pleadings are presented, the fact allegations of the complaint are to be taken as true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint. In other words, a judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings. Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956) (citing Bass v. Hoagland, 172 F.2d 205, 207 (5th Cir. 1949), cert. den., 338 U.S. 816 (1949)).

Plaintiff contends in her Rule 12(c) motion that Defendants failed to controvert the allegations in her complaint (Doc. 48). On that basis alone, Plaintiff argues she is entitled to a judgment in her favor.

A motion for judgment on the pleadings is not the appropriate method for testing the legal sufficiency of defenses. <u>Damonte v. Higgins Industries</u>, 2 F.R.D. 486, 486 (1942). It is only when the right to judgment on the pleadings is clear that a motion therefor is granted. <u>Damonte</u>, 2 F.R.D. at 486.

In this case, Defendants answered the original complaint with general denials of Simon's factual allegations and affirmative defenses such as qualified immunity (Docs. 13, 14). The controverted material facts preclude a judgment on the pleadings. Simon's right to a judgment on the pleadings is not clear. Therefore, Simon's case is better tested in a motion for summary judgment.

Therefore, Plaintiff's Motion for Judgment on the Pleadings **(Doc. 48)** should be denied.

## IV. <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMNEDED that Defendants' first Motion to Dismiss the amended complaint (Doc. 23) be DENIED as moot.

IT IS ALSO RECOMMENDED that Defendants' second Motion to Dismiss the amended complaint (Doc. 34) be DENIED as moot.

IT IS ALSO RECOMMENDED that Simon's Motion for Judgment on the Pleadings (Doc. 48) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  7th  day of November, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge