UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ELIZABETH SIMON | CIVIL ACTION 1:17-CV-00237 |
| VERSUS | JUDGE DRELL |
| REBEKAH GEE, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by pro se Plaintiff Elizabeth Simon ("Simon"). The named defendants are Karen Medlock ("Medlock") (District V Forensic Coordinator), Michelle Duncan ("Duncan") (Director of Community Forensic Service and Medlock's supervisor), and Rebekah Gee ("Gee"), Secretary of the Louisiana Department of Health and Hospitals. Simon contends she was maliciously prosecuted and falsely arrested by Defendants. Simon seeks punitive and compensatory damages in excess of $75,000. Simon is not presently incarcerated.

Simon contends she is an insanity acquittee, found not guilty by reason of insanity on September 29, 2003. Simon was given a "Conditional Release and Probation Supervision" form to sign. Simon alleges she signed it without the assistance of counsel and when she was not on medication (Doc. 1). Simon was supervised by Kenneth Cooley initially, then Mike Cole, then by Karen Medlock beginning in 2011.

Simon contends she and Medlock never got along and admits she told Medlock she should be fired. As a result, Medlock recommended to the Court that, since Simon was in psychosis, she needed to be placed in jail (Doc. 1). Simon contends that Medlock can only authorize her hospitalization and that the recommendation of jail constitutes malicious prosecution. Simon contends Medlock then demanded an immediate meeting with her while Medlock was at work, and had Simon arrested to failing to go to the meeting (Doc. 1).

## I.    Plaintiff's first Motion to Amend is denied.

Simon filed a motion to amend her complaint to add the State of Louisiana as a Defendant (Doc. 18).

Simon seeks to add the State because she was never placed in any inpatient psychiatric facility after her trial due to a lack of bed space for females (Doc. 18). In response, the State of Louisiana filed a Motion to Dismiss [the Amended Complaint] for Lack of Jurisdiction (Doc. 23).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court.[1] Bisby v. Garza, 2008 WL 465320, at *1 (S.D. Tex. 2008) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Nilsen v. City of Moss Point, Miss.,

---

[1] A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. See Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1053 (5th Cir. 1998) (citing Fed. R. Civ. P. 15(a).

621 F.2d 117, 122 (5th Cir.1980)).  However, joinder of additional defendants in an action requires permission from the court, and the defendants must be involved in the same transaction or occurrence, with common questions of law or fact, as the originally named defendants.  Fed. R. Civ. P. Rule 20.  In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by allowing the amendment.  Bisby, 2008 WL 465320, at *1 (citing Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1024 (5th Cir. 1981)).

It is within the district court's discretion to deny a motion to amend if it is futile.  See Stripling v. Jordan Production Co., L.L.C., 234 F.3d 863, 872-73 (5th Cir. 2000).  A proposed amended complaint is "futile" if it fails to state a claim upon which relief can be granted.  See id. at 873.  Therefore, the issue is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the proposed amended complaint states any valid claim for relief.  See id. at 873.

The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department.  See Richardson v. Southern University, 118 F.3d 450, 452 (5th Cir. 1997), cert. den., 522 U.S. 1078 (1998) (citing Delahoussaye v. City of New Iberia, 937 F.2d 144, 146 (5th Cir. 1991)).  As evidenced by its Motion to Dismiss (Doc. 23), the State of Louisiana has not consented to this suit.  In addition, the Fifth Circuit has held the Louisiana Department of Health and Human Services is an arm of the State entitled to Eleventh Amendment immunity.  See Darlak v. Bobear, 814 F.2d 1055

(5th Cir. 1987). Therefore, Simon's proposed amendment to add the State of Louisiana as a defendant would be futile.

Accordingly, Simon's Motion to Amend to add the State of Louisiana as a Defendant (Doc. 18) is DENIED.

## II. Plaintiff's second Motion to Amend is denied.

Simon filed a second Motion to Amend the Complaint to ask that she be discharged from monitoring by the State of Louisiana (Doc. 32).

Simon asks the Court to discharge the State and its agencies from "monitoring, coercing, mistreating, and involvement with the Plaintiff" and asks for an "injunction from them issuing any scathing and bias reports to the Courts concerning her until this civil action is resolved" (Doc. 32). Essentially, Simon is asking for relief from the result of her acquittal by reason of insanity in her criminal trial. Such relief is appropriately sought in a petition for habeas relief. Simon may not challenge the verdict and resulting monitoring, from her criminal trial, through a civil rights complaint. Moreover, the State of Louisiana is not a defendant in this action.

Therefore, Simon's second Motion to Amend (Doc. 32) is also DENIED.

## III. Plaintiff's third Motion to Amend is denied.

Simon filed a Third Motion to Amend to allege the basis of this Court's jurisdiction (Doc. 35). Simon purports to allege constitutional violations for: (1) constitutional limitations on crime creation (presumably the complaint of malicious prosecution); (2) arrest not based on probable cause; and (3) the Void for Vagueness

Doctrine. These allegations appear to only restate the allegations in her original complaint and are cumulative.

Simon also wants to amend to allege the State of Louisiana and its agents violated her right to privacy by subpoenaing irrelevant medical records. The State of Louisiana is not a Defendants in this action. Moreover, Simon has not shown that irrelevant medical records have been introduced into the record. Even if they are introduced, the Court is able to distinguish relevant medical records from irrelevant ones.

Simon alleges Medlock knowingly falsely told the state court that she has prescriptions for narcotics, although she has not had any since 2015. This allegation is essentially part of Simon's original claims.

Simon also asks the Court to notify other potential mental health plaintiffs and their defense attorneys of reporting discrepancies by the Community Forensics Division and this action. If Simon wants to pursue a class action, she can initiate it with an appropriate motion.

Therefore, Simon's third Motion to Amend (Doc. 35) is DENIED.

## IV.    Plaintiff's Fourth Motion to Amend is denied.

Simon filed a fourth Motion to Amend/Correct the Complaint (Doc. 39). Simon's "motion" (Doc. 39) appears to be only a brief in support of the third Motion to Amend and not a new, separate motion to amend. However, it is titled "Motion to Amend" (Doc. 39). Therefore, to the extent that Simon's fourth Motion to Amend (Doc. 39) is a separate motion, it is DENIED.

V.      Plaintiff's Motion to Dismiss the Subpoena Request for Medical Records is denied.

Simon filed a "Motion to Dismiss Subpoena Request for Medical Records" (Doc. 37). Simon contends she has never been treated at Easter Louisiana Mental Health in Jackson, Louisiana. Since there are apparently no medical records there for Simon, there is no reason for her to object to Defendants' subpoena.

Simon contends she already authorized the release of her medical records (since 2004) to the Forensic Coordinator. Therefore, Defendants should already have them. If Defendants' request is for records they already possess, then the subpoena for those records cannot prejudice Simon.

Simon's objection to and Motion to Dismiss Defendants' subpoena for her medical records **(Doc 37)** is DENIED.

VI.     Plaintiffs' Motions for Sanctions and Motions to Strike are denied.

Simon filed two Motions for Sanctions and Motions to Strike (Docs. 40, 43).

First, Simon filed a Motion for Sanctions against Defendants' attorney (Doc. 40), contending he misled the Court in arguing Simon was over the 21 day limit for amending her complaint. Simon argues Defendants' answer was filed late and their service of the Answer on her was also late (Doc. 40-2). Simon moves to strike Defendants' misrepresentations from the record.

Since Simon's Motion to Amend is not denied for untimeliness, this argument is moot. Therefore, Simon's Motion for Sanctions and to Strike **(Doc. 40)** is DENIED.

Second, Simon asks the Court to strike Defendants' Answer (Doc. 42) to the Second Amended Complaint (Doc. 35) and to sanction Defendants' attorney for filing frivolous pleadings (Doc. 43).

Since Simon's Motion to Amend her complaint (Doc. 35) is denied, it is not necessary for Defendants to answer it.   Therefore, Simon's Motion to Strike Defendants' answer and for sanctions (Doc. 43) is DENIED as moot.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  7th  day of November, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge